May it please the court, Devin Versteen on behalf of Luis Ocampo-Estrada, I'll try to save two minutes for rebuttal. If I may, beginning with the sentence, we respectfully request that this court vacate and remand for further proceedings on the 851 enhancement. First, your honors, it is undisputed that the district court failed to engage in the requisite personal colloquy under 851B. And therefore, based on this court's recent decision in Rodriguez, as well as prior precedent, Mr. Ocampo cannot be held to have waived any challenge to the 851 enhancement. Second, it is undisputed and cannot be disputed that the conviction documents upon which the government relied, it is undisputed they did not identify the substance. Therefore, the government failed to meet its burden to prove beyond a reasonable doubt that the conviction involved a narcotic drug, marijuana, anabolic steroids, or depressant or stimulant substances. In your opening brief, counsel, not the 851 portion, but the other portion, did you raise the what is in effect a categorical analysis question? Yes. Yes. Our second argument was that the conviction documents failed to prove that it was a controlled prior felony drug offense, and the government's response was you've waived that. On that point, there is Ninth Circuit law that says, and I regret I don't have the site right with me, that says that you don't have to identify the specific drug involved. And the indictment did say marijuana, as I believe. So between the fact that you were on notice of the indictment being marijuana, if I'm wrong about that, you can correct me, but that was my recollection. There's no, there are no, in the conviction documents for the 851 enhancement. I say marijuana, meth, meth rather. The conviction documents themselves don't specify methamphetamine. The only, where that came up was in the pre-sentence report, but not in the 851 documents themselves. And those 851, what documents did the government give us? So in the 851 enhancement, the government is, it's at ER 10 through 15. And if we go to ER 10, the first thing we see is Exhibit 1. We see the Superior Court probation hearing sentencing document. I just want to make sure I have the documents well in mind. You're talking about counsel. So we have the sentencing document. What is the document? So at page 11 is the sentencing document. And then at page 14 of the record is the abstract of judgment. And that is it. And they are the only documents. They are the only documents. That's what I understand. Yes. And those don't establish the substance. I mean, it's relatively, in our view, straight. At that point, if we have those documents and we're really looking at it, you're saying send it back to the district court to determine what to do? Yes, Your Honor. It's as simple as that. Because the California statute could be divisible? It's not necessarily a categorical approach because it's conduct relating to. It's because the California drug schedules are overbroad. I agree with that. And there's a second part. The government. Divisible. Is the California statute divisible? It punishes a person who possesses for sale of a controlled substance that meets any of the criteria. Then there are five alternative criteria, correct? Correct. So that, are all of these punishments the same for these criteria? Yes. If all the punishments are the same for those criteria, why is it we need to send it back? I understand Your Honor's question. Because it's divisible or overbroad as to substance, not conduct. And there's a second part. Is this your vagueness argument you're talking about? No. No. Okay. This is, it's one step before the modified categorical approach. So I don't think the court gets there. I think what the court does, this court does, is the court says very simply under 851, you have to prove it's one of several substances. Under the felony drug, under 80244, you have to prove it's one of five specific substances or categories. A narcotic drug, marijuana, anabolic steroid, depressant, or stimulant substance. These conviction documents don't do that. The end. Send it back. Government, if you want to prove what substance and you want to get a 10-year jump, you can go ahead and do that. And this actually reminds me of one of Your Honor's questions in Quintero when you said, does Quintero, does the district court have to grant minor role? And I said, no, Your Honor. The district court wound up granting minor role as an aside. I understand. That's why I led you down that path. I just wanted to make sure I understood your argument. And that's, sorry, I didn't mean to cut Your Honor off. That's okay. Let me turn back to the enhancement. The thing that worries me about this is, and I realize the case you've cited me, but the state files an 851 information. The information says that it will be enhanced based on the 1998 conviction. You file a motion to strike, but it doesn't say anything about it. It says prosecutorial vindictiveness. Then you file an apprendi challenge. Again, you do not challenge the 1998 conviction. Then you file an objection to the PSR, but you, again, do not challenge the 1998 conviction. In fact, you concede in the challenge that the 1998 conviction was for meth. At sentence, you don't argue that the 1998 conviction was not for meth. Why have I got to follow on that record? The case you now put before me. That is virtually, can I answer in several points? First, that is virtually identical to Rodriguez. Second, I wasn't trial counsel. I understand the word, but you've got to defend it. Third, the concession of meth, I think, methamphetamine, I think the government, my friend, Mr. Zipp, does a good job in the brief, but it's not exactly accurate because the concession of meth is in response to the PSR saying it's meth, and what the objection is is I'm objecting to the PSR saying it's meth, and he's objecting not on the methamphetamine portion of it, but on the fact that it's an increasing level of criminality. So it's just, there would be no point in making a judicial admission out of thin air. Hey, it's meth. He's objecting, he being the trial counsel, is objecting to the PSR. But let's focus on Rodriguez, which is really the core. Well, I guess the real problem is that as I went through it, based on what counsel did, and I only said you because you're representing him, it didn't seem to me that he did anything to preserve this objection. And, in fact, by not filing any objection to the PSR relating to the meth, it seems to me I can find precedence to say he concedes that it's meth. So at that point, I think Rodriguez is a little bit different. Because in Rodriguez, defense counsel concedes on questioning from the court. Defense counsel, the exact same thing happens. The court says, aren't these his convictions? And he says, well, I don't want to answer. And the court says, you answer. And he says, yeah, I think they're his convictions. So there's an actual concession there. And let me answer, Your Honor. Do you want to save any of your time? It's up to you. I do, but I would, if the court would allow me to answer. Of course. Yes, thank you, Your Honor. This is what Rodriguez said. Under the statute, Rodriguez was not required to affirm or deny the conviction or file a written response until addressed personally by the district court and advised of his obligation to do so and, importantly, that any failure to do so waived any objection. Here's the key. That the defendant ultimately did file a written response, that didn't raise those issues, does not negate the importance of a proper advisal. It starts, stops with the lack of advisal and the failure of the conviction documents to prove a specific substance. Now, the government, interestingly, in its brief, doesn't challenge that point. It doesn't come back and say, yes, we proved the substance. They just say waiver. So now, if anybody's waived the merits, it's certainly not us. But finally, I think an important point is that if it does go back, and as Judge Smith, you were indicating, then the district court could take another look at it and follow the proper course, then I think under the doctrine of constitutional avoidance, we don't get to the vagueness issue. The analysis, not whether, in fact, your client used, was convicted of a particular drug that satisfies the enhancement, but rather categorically whether the California statute is the same as the enhancement. I mean, why do we even really care what your individual conviction is? The question is some comparative test between the whole statute in California and the enhancement statute. I 100% agree. All this other stuff about concessions, that's not the issue we need to decide. I'll take your Honor's point. On remand, the government would have the opportunity to try and prove it up, either under the categorical or modified categorical approach. I don't think you can do modified anymore. I think the Supreme Court is. I would agree with your Honor, and that's something that should be litigated, I think, in the first instance. I see that I'm over my time. I just would leave with the note from Rodriguez that considering that a 10-year sentencing enhancement turns on the outcome of the 851 procedure, the failure to comply fully with the statute's procedural requirements should not casually be deemed harmless error. We ask that it not be deemed harmless error here and that we have an opportunity to litigate this fully before the district court. Thank you. Thank you, counsel. We'll hear from the government. May it please the Court, Daniel Zip on behalf of the United States. Let's talk about that last point. Yes. Do you agree or disagree that the question is a categorical comparison between the California statute and the enhancement? No, Your Honor. I think the defense point, as I understand it, is that there are certain drugs under California law. I think he gives the example of geometric isomers or apomorphine, that those drugs are illegal under California law but do not meet the definition under federal law. If that's the case and it's not categorical, why isn't that fatal to your appeal under Rodriguez? Because there's no dispute that the substance in this case was not geometric isomers or apomorphine. Well, go ahead. I'll try to find the quote I'm referencing. Sure. The defense in this case conceded that the conviction under 11378 was for the sale of methamphetamine. That is enough to qualify as a felony drug offense. Slightly different question. In Rodriguez, what it called a non-prejudicial 851c error can be harmless if the defendant has no evidence of the validity of the prior conviction. Yes, Your Honor. Given that conceded, is this 851c error harmless? Yes, Your Honor. That's our position, that it's harmless for the district court to have failed to engage in the colloquy because, as the court, essentially the outcome would have been the same because the defendant had already conceded that the substance was methamphetamine. This court also can review the substantive decision of the district court on imposing 851c under plain error review. At the very least, by the defendant filing three separate objections to the 851 enhancement and never challenging the fact that this was methamphetamine and then affirmatively conceding that it was methamphetamine in his sentencing hearing, at the very least, he could not show under plain error review that his substantial rights were affected by the enhancement. Yes, Your Honor. I think there's two types of waivers. Our argument in the papers before Rodriguez two weeks ago was that under the statutory terms of 851, that by filing a written objection, filing three written objections, and never including this one, that statutorily the defendant had waived. At the same time, by conceding the issue, the defendant has, at the very least, subjected himself to plain error review on the substantive question of whether 851 is methamphetamine. And under plain error review, he simply can't show that the outcome of the case would have been different because he's conceded the fact that it was methamphetamine. It wasn't one of these other narrow drugs under California law. Let's go back to this comparison. In Hollis, to determine whether a prior conviction qualifies as a felony drug offense, we look only at the fact of conviction and the statutory definition of the offense. That seems to preclude looking at the unique characteristics of what this defendant did in California. Why doesn't that tell us that we are looking at a categorical analysis rather than a modified, depending on what he, in fact, was convicted of? Your Honor, it's my understanding, first of all, I think the question of the divisibility of the California drug statutes is currently with a non-bank panel and has not been decided yet. But as to the question of whether modified categorical analysis can apply to a drug statute, I don't have a case at hand, but it's my understanding that if a defendant is convicted under a statute with the showing that the defendant was convicted for one of the listed offenses that doesn't fall outside the federal definition, that modified categorical analysis certainly still could apply. It's my intention to start with the jury instructions. Does it have to deal with the fact that all of the punishments for the offense are for the different chemicals? Is that a consideration? No, Your Honor. I think the only issue in this case is whether the drug itself was one of those narrow range of California drugs that falls outside of the federal definition, not just the punishment S. Do you agree that there are drugs in the California statute that are not included under the federal enhancement statute? But in this case, the defendant affirmatively waived at sentencing and conceded that the drug in his case was not one of those narrow isotopes that falls outside the federal definition. It was methamphetamine that falls squarely within the definition. And as Judge Smith noted, the mere fact that the PSR listed it as methamphetamine and he failed to object to that, even without the affirmative concession, is under Rule 32 enough for the court to have made a factual finding that this was, in fact, methamphetamine. So it's simply under a plain error review standard that there's no reason to send this back down. You made that admission, but we had a document of conviction in California that made it clear that it was methamphetamine. Would that be the same? You'd be in the same position making the same argument? Yes. So there's nothing unique about the concession that you're relying on?  As to the jury instructions, what we're doing, it seems to me, is we're really determining whether or not having the 851 plea colloquy applies in this particular situation, correct? We don't really have a case dead on point that says a way. Well, Your Honor, I think there's case law that says if a defendant fails. No, there's case law that says if a defendant admits certain things, and that's why I went through all the things that the defense did in this particular situation. But my worry is this last case about the colloquy, how far that goes and how it applies in this situation. I'm testing you now. I tried to test him. I'm testing you. I mean, are you suggesting that then this is an objective, if you will, difference between the two cases? Well, Your Honor, I think there's two issues. There's the failure to engage in the colloquy. We acknowledge that under Rodriguez that the court's failure to engage in that colloquy here means that the statutory waiver trigger does not apply. Rodriguez made that clear. Even if you file some objections, if the court doesn't engage you and ask you essentially are there anything else you want to add, then anything that you didn't raise doesn't trigger the statutory waiver. Our position is that putting that aside, the court has made it clear in a number of decisions that plain error review applies to an 851 enhancement when the defendant fails to object. Here the United States filed its enhancement. The defendant never raised this issue and conceded that the substance at issue was methamphetamine. And that means that plain error review, and in order to succeed, in order to have this sent back down, he would have to show some sort of prejudice. Doesn't that directly conflict with Rodriguez though? Comply with Section 851B renders the sentence illegal. It doesn't talk about waiver or anything like that or any previous case. It seems very exact unless you can show that it would have made no difference or you may have harmless error. The initial question to you. I think what Rodriguez said affirmatively was that plain error review or harmlessness review would apply based on the court's failure to apply this. Are you going to take back the earlier cases onto the harmlessness analysis? I guess it gets pretty complex, but the 851 colloquy issue is subject to harmlessness, and then the substance of the court's decision to apply the 851 enhancement based on the documents in the record is itself subject to plain error review. This court has held, as recently as December of last year, in IEPA as an unpublished decision that when a defendant fails to object that the documents in the record supporting an 851 conviction fails to argue that those fall outside the federal definition of felony drug offense, that this court reviews that issue for under plain error review. So it's our position that by filing three motions, never raising this issue before, that the defendant has to meet this plain error standard, and he simply can't show prejudice in this case because he's already substantively admitted that the substance was, in fact, methamphetamine. Do either of my colleagues have additional questions? What do we do about Rodriguez's statement, failure to comply with Section 851B renders the sentence illegal? The common never argues that, but how do we cope with that? I think in a separate part of Rodriguez, they say that the failure to comply is subject to harmlessness analysis, and in this case there can't be any question whether it was harmless because the defendant conceded the only issue that he's now raising on appeal. Well, except that. It really depends on whether the test is a qualified comparison or an absolute comparison. If it's categorical, it can't be harmless because you've conceded that California's convictions are broader. If it is a modified categorical, then, yes, it would be harmless because of the concession. So it seems to me the case really turns on that. If the definition of felony drug offense is not subject to a modified categorical analysis, yes, then it would be in a different place. Other questions by my colleague? No. Thank you both for the argument. We appreciate it. The case just argued.
judges: Ebel, M. Smith, N.R. Smith